UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHRISTOPHER JAMES MASTERSON,

        Defendant.
_____/

Case No. 2:22-cr-10

Hon. Janet T. Neff
United States District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Christopher James Masterson ("Defendant") and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.     <u>The Defendant Agrees to Plead Guilty</u>. The Defendant agrees to plead guilty to Count 3 of the Indictment charging the Defendant with sexual exploitation of minors in violation of Title 18, United States Code, Sections 2251(a) and (e).

2.     <u>The Defendant Understands the Crime</u>. In order for the Defendant to be guilty of violating Title 18, United States Code, Sections 2251(a) and (e), the following must be true:

        A.     the Defendant used a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction and transmitting a live visual depiction of that conduct; and

        B.     the Defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate commerce.

The Defendant is pleading guilty because he is guilty of the charge described above.

3. <u>The Defendant Understands the Penalty</u>.

A. Count 3 of the Indictment charges the Defendant with sexual exploitation of minors pursuant to Title 18, United States Code, Section 2251(a) and (e). The Defendant understands that this count is normally punishable by a minimum prison term of fifteen years, a maximum prison term of thirty years, a fine of up to $250,000, at least five years and up to a lifetime of supervised release, and a mandatory special assessment of $100. The Defendant, however, has a prior conviction under the laws of the State of Illinois relating to aggravated sexual abuse involving a minor. The existence of the prior conviction will enhance the Defendant's sentence. Accordingly, Count 3 will be punishable by a minimum prison term of twenty-five years, a maximum prison term of fifty years, a fine of up to $250,000, at least five years and up to a lifetime of supervised release, and a mandatory special assessment of $100. The Defendant agrees to pay the special assessment at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

B. <u>Mandatory Restitution</u>. The Defendant understands that he will be required to pay full restitution as required by law. In addition, the Defendant agrees that the restitution order is not restricted to the amounts applicable to the count to which the Defendant is pleading guilty, and he agrees to pay full restitution to any victims of his sexual exploitation of minors, attempted coercion and enticement of minors, or receipt or possession of child pornography as charged the Indictment in this case.

C. <u>Supervised Release</u>. Supervised release is a period of time following imprisonment during which the Defendant will be subject to various restrictions and requirements. The Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release,

which could result in the Defendant serving a total term of imprisonment greater that the statutory maximum stated above.

4. <u>Consent To Have United States Magistrate Judge Preside Over Guilty Plea.</u> The Defendant hereby acknowledges the following: that he understands the federal charge against him and the possible penalties; that he desires to enter a plea of guilty pursuant to this plea agreement; that he has the right to have all proceedings, including the plea hearing, conducted by the United States District Judge assigned to this case; and that a United States Magistrate Judge may conduct the plea hearing with Defendant's consent and the consent of his attorney and the Assistant United States Attorney. Understanding these rights, the Defendant freely and voluntarily consents to having a United States Magistrate Judge preside over the guilty plea hearing and gives up his right to proceed before a United States District Judge. The Defendant understands that the United States District Judge will accept or reject the plea, accept or reject the plea agreement, and will impose sentence.

5. <u>The Defendant Agrees to Register as a Sexual Offender.</u> The Defendant acknowledges and agrees that he must register as a sex offender in all applicable jurisdictions, including, but not limited to, the jurisdictions where he was convicted, resides, works, and attends school. The Defendant understands that failure to register may subject him to prosecution under applicable state law as well as federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment or both.

6. <u>Factual Basis of Guilt and Relevant Conduct.</u> The Defendant and the United States Attorney's Office agree and stipulate to the following statement of facts, which need not be proven at the time of the plea or sentencing:

3

Between in or about Spring 2018 and October 2019, MV-1, a minor female who was between 14 and 15 years of age, and MV-2, a minor female who was between eight and nine years of age, lived in Chippewa County, Michigan. The Defendant lived in South Carolina. During this time frame, Defendant used MV-1 and MV-2, whom he knew to be minors, to engage in sexually explicit conduct for the purpose of producing and transmitting a live visual depiction of that conduct using an internet service and a video streaming application. Specifically, Defendant had MV-1 and MV-2 get online using Facebook Messenger or a similar video application to transmit a video of themselves touching each other's genitals while Defendant watched. At the time this video was created and transmitted, MV-1 and MV-2 were at their grandparents' home in Chippewa County, Michigan. The Defendant was in South Carolina. Accordingly, Defendant knew or had reason to know that the video containing sexually explicit conduct was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate commerce, that is, the internet.

Defendant was previously convicted of aggravated criminal sexual abuse, a felony, on or about January 14, 2008, in the Third Judicial Circuit, Madison County, Illinois. Defendant pleaded guilty to engaging in digital penetration of a minor female under the age of 13.

7. The United States Attorney's Office Agrees:

A. Acceptance of Responsibility. The United States Attorney's Office agrees to not oppose the Defendant's request for a reduction of his offense level for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines, provided the Defendant satisfies the criteria for such a reduction. Should the Court grant a two-level reduction as provided herein, the government states that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting

4

the government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

    B. <u>Dismissal of Other Counts/Charges</u>. The United States Attorney's Office agrees to move to dismiss the remaining counts of the Indictment against the Defendant at the time of sentencing. The Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. In addition, the Defendant agrees that the Court may consider any victim impact statements submitted by victims of the dismissed counts in determining an appropriate sentence and restitution. By this agreement the Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

  8. <u>The Sentencing Guidelines</u>. The Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the Defendant. The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The Defendant understands that the Defendant and the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory minimum and maximum penalties described elsewhere in this agreement. The Defendant further understands that

disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the Defendant would have had the following rights:

A. The right to the assistance of counsel, including, if the Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the Defendant.

B. The right to be presumed innocent and to have the burden of proof placed on the government to prove the Defendant guilty beyond a reasonable doubt.

C. The right to confront and cross-examine witnesses against the Defendant.

D. The right, if the Defendant wished, to testify on the Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

E. The right not to be compelled to testify, and, if the Defendant chose not to testify or present evidence, to have that choice not be used against the Defendant.

By pleading guilty, the Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

10. <u>Limited Waiver of Appeal and Right to File Collateral Attack</u>. In exchange for the substantial concessions and promises made by the government in entering this plea agreement, the Defendant waives all rights to appeal or collaterally attack the Defendant's conviction, sentence, or any other matter related to this prosecution, except as listed below. Defendant may

appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

    A.    the Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

    B.    the Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

    C.    the Court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

    D.    the Defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

    E.    the guilty plea was involuntary or unknowing;

    F.    the attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, he may not present any issue in the proceeding other than those described in this subparagraph.

    11.    <u>The Court is Not a Party to This Agreement.</u>    Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the United States Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a

7

binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

12. **FOIA Requests.** The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. **This Agreement is Limited to the Parties.** This agreement is limited to the United States Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by the Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

14. **Consequences of Breach.** If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

15. This is the Complete Agreement. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

16. Deadline for Acceptance of Agreement. If a copy of this agreement, executed by the Defendant and defense counsel, is not returned to the United States Attorney's Office by July 29, 2022, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the United States Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

MARK A. TOTTEN
United States Attorney

Date: July 28, 2022

PAUL D. LOCKNER
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Date: July 28, 22

CHRISTOPHER JAMES MASTERSON
Defendant

9

I am Christopher James Masterson's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 7/28/22

ELIZABETH A. LACOSSE
Assistant Federal Public Defender