UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                        Case No. 2:22-cr-10

            Plaintiff,

                        Hon. Janet T. Neff

   v.                       United States District Judge

CHRISTOPHER JAMES MASTERSON,

            Defendant.

_____/

## **UNITED STATES' SENTENCING MEMORANDUM**

    The United States of America, through its attorneys, Mark A. Totten, United States

Attorney, and Paul D. Lochner, Assistant United States Attorney, hereby respectfully files its

sentencing memorandum.

    **Section 3553(a) Factors**

        a.   The Nature And Circumstances Of The Offense And The History And
             Characteristics Of The Defendant

    The nature and circumstances of the Defendant's offenses as well as his history and

characteristics, are deeply disturbing.  In short, Defendant is a sexual predator who focuses on

underage females.  His convictions include a prior aggravated criminal sexual abuse case

involving a 12-year-old girl (R.42: PSR, ¶ 81; PageID.212-213.) and three convictions for failing

to register as a sex offender – two in Illinois and one in Michigan.  (*Id*., ¶ ¶  83, 85, 86; Page

ID.213-215.)  He also has a pending charge in South Carolina for failing to register as a sex

offender.  (*Id*., ¶ 90; PageID.215-216.)

The instant offense involves a pattern of conduct spanning several years.  Defendant first met MV-1 online when she was 13-years-old.  (R. 42: PSR, ¶¶ 30, 33, 39; PageID.202, 204, 206.)  Although Defendant claimed when interviewed that he was "just a friend" trying to provide her with "guidance and moral support" (Id., ¶¶ 28, 39; PageID.202, 206.), it is clear that he was looking for a sexual encounter, going as far as having MV-1 make a hotel reservation for him in Sault Ste. Marie in October 2019 when MV-1 was 15-years-old.  (Id., ¶¶ 26-27; PageID.202.)  Defendant provided MV-1 with a cell phone to facilitate their surreptitious conversations (*Id.*, ¶¶  26, 31; PageID. 202-03.)  He was very controlling, insisting that MV-1 provide him with all her usernames and passwords and threatening to end their relationship or to tell her mother she was still communicating with him if she did not accede to his demands for sexually explicit materials.  (*Id.*, ¶¶ 29, 30, 40; PageID.202-03, 206-07.)

Defendant had MV-1 send sexually explicit photos and engaged her in live video calls where he encouraged MV-1 to masturbate while he watched.  (R. 42: ¶ 40; PageID.206-07.)  Subsequently, this escalated to Defendant having MV-1 and her sister, MV-2 (who was 8 or 9-years-old at the time) touch one another's genitals while he watched on a live video feed, which was corroborated by Defendant's own messages.  (*Id.*, ¶¶  31-34; PageID.203-05.)  MV-1 later described sexually abusing her 5-year-old sister, MV-3, at Defendant's direction while he watched via live video feed.  (*Id.*, ¶ 37; PageID.206.)

b. The Factors Enumerated In Section 3553(a)(2)

    i.  *The need for the sentence imposed to reflect the seriousness of the offense,
        promote respect for the law, and provide just punishment for the offense.*

It is hard to fathom a more serious crime than child sexual exploitation. *See, e.g., United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) ("[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses"); *United States v. Cunningham*, 680 F.Supp.2d 844, 847 (N.D. Ohio 2010) ("Child pornography is a vile, heinous crime. Mention the term to your average American and he responds with immediate disgust and a sense of unease.") Given the ubiquitous use of electronic devices and media with which to create and dispense it, it has become far more widespread and easier to avoid detection. The impact on its victims is oftentimes severe and lifelong. It is clear from Defendant's criminal history and his disregard for registering as a sex offender that he harbors little respect for the law. His prior terms of incarceration have not served as an adequate deterrent to him. Society recognizes the gravity and seriousness of this offense and has rightly provided for substantial penalties in this case.

    ii. *The need for the sentence imposed to afford adequate deterrence to
        criminal conduct.*

The recommended sentence in this case involves a substantial period of incarceration. The recommended sentence will appropriately serve as a deterrent to future criminality. As noted above, Defendant's prior convictions have not served as a sufficient deterrent to him. Defendant and those who are contemplating offending as the Defendant has done must understand the legal system will not tolerate this type of abhorrent, abusive behavior and the consequences will be appropriately severe.

3

     *iii.   The need for the sentence imposed to protect the public from further crimes of the defendant.*

Given the lack of deterrence that prior incarceration has had on Defendant, a substantial period of confinement will help to protect the public from him.  In addition, the government respectfully suggests that a substantial period of supervised release would facilitate Defendant's follow-on rehabilitation, would help maximize the benefit of services that U.S. Probation can provide to assist him in his transition from confinement, safeguard against recidivism, and help protect minor children.

     *iv.   The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

While incarcerated and under supervision, the defendant can take advantage of programs, care, and counseling provided by or arranged through the Bureau of Prisons and/or U.S. Probation.  This is not to suggest that treatment or rehabilitation is a reason to incarcerate the defendant.  *See Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011) (a prison term may not be imposed or lengthened to foster rehabilitation).  The government respectfully submits that a recommendation for sex offender counseling and vocational training would be appropriate to facilitate needed therapy and the development of skills that will facilitate Defendant's transition from confinement and assist him in obtaining gainful employment upon release from confinement.

**<u>Conclusion</u>**

For all the reasons stated above, the government respectfully requests this Honorable

Court impose the sentence recommended by U.S. Probation in this case, which would provide

punishment sufficient, but not greater than necessary, to achieve the goals of sentencing.

<div style="margin-left: 40%;">

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

</div>

Date: December 9, 2022

<div style="margin-left: 40%;">

  /s/ Paul D. Lochner
PAUL D. LOCHNER
Assistant United States Attorney
1930 U.S. 41 West, 2nd Floor
Marquette, Michigan 49855
(906) 226-2500

</div>