UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

Case No. 2:22-cr-10

v.

HON. JANET T. NEFF

CHRISTOPHER JAMES MASTERSON,

      Defendant.

_____/

## ORDER REGARDING ADDITIONAL SENTENCING CONDITIONS

### MANDATORY/STANDARD CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with mandatory and standard conditions of supervision including:

      DNA collection
      Sex offender registration
      Drug testing
      No firearms, destructive devices, or dangerous weapons

Additionally, the defendant shall comply with the following special conditions of supervision:

1.    You must not use or possess any controlled substances without a valid prescription. If you have a valid prescription, you must follow the instructions on the prescription. You must not possess, use, or sell marijuana or any marijuana derivative (including any product containing cannabidiol (CBD) or THC) in any form (including edibles) or for any purpose (including medical purposes). You are also prohibited from entering any marijuana dispensary or grow facility.

2.    You must participate in a program of mental health treatment, as directed by the probation officer, and follow the rules and regulations of that program until such time as you are released from the program by the probation officer, and must pay at least a portion of the cost according to your ability, as determined by the probation officer.

3.  You must participate in a sex offender assessment and/or treatment, as approved by the probation officer, which may include physiological testing, such as polygraph, and/or ABEL Assessment. You will contribute to the cost of treatment in an amount approved by the probation officer and waive your right of confidentiality while involved in treatment.

4.  Your residence and employment must be pre-approved by the probation officer.

5.  You must not associate or have any contact with convicted sex offenders, unless in a therapeutic setting and with the permission of the probation officer.

6.  You must not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the probation officer.

7.  You must have no contact with minors (under the age of 18) without the written approval of the probation officer and must refrain from entering into any area where children frequently congregate including, but not limited to parks, schools, day care centers, theme parks, theaters, and playgrounds.

8.  You must not have direct contact with any child you know or reasonably should know to be under the age of 18 without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

9.  You must notify the probation officer when you establish a romantic, sexual, or personal relationship with another individual, and then must inform the other party of your prior criminal history concerning sex offenses. You understand that you must notify the probation officer of that significant other's address, age, and where the individual may be contacted.

10. You must not have contact with the victims in this case. This includes any physical, visual, written, electronic or telephonic contact with such persons. Additionally, you must not directly cause or encourage anyone else to have such contact with the victim.

11. You must not purchase or possess photographic or video equipment without the prior knowledge and permission of the probation officer.

12. You must not possess any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A)(I)-(v), including visual, auditory, telephonic, or electronic media, and computer programs or services. You must not patronize any place whose primary purpose is to promote such materials or entertainment.

13. You must advise the probation officer of all pornographic materials, and sexual items, or devices you own or possess and you must not own or possess any sexually stimulating or sexually oriented material, items, or devices deemed inappropriate by the probation officer and/or treatment staff.

14. You must consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions or community risks related to you.

15. You must use only those computer(s) and/or computer related device(s) approved in advance by the probation officer.

16. You must provide the probation officer with all usernames, email addresses, passwords, social media accounts, and any other forms of internet identification, and must not create additional accounts, unless approved in advance by the probation officer.

17. You must not have another individual access the internet on your behalf to obtain files or information which you are restricted from accessing yourself, or accepting files or information from another person.

18. You must participate in the Computer/Internet Monitoring Program and must comply with the rules of the program as directed by the U.S. Probation Office. You must pay the cost of computer monitoring as directed by the probation officer, and advise anyone in your household that any computer(s) in the household may be subject to computer monitoring.

19. You must provide all computer-related billing records, including but not limited to telephone, cell phone, cable, and internet, as directed by the probation officer. Refusal to comply is a violation of conditions of your supervision. You will warn anyone whom you share residence the premises may be subject to searches pursuant to this condition.

20. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer.  Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

## SPECIAL ASSESSMENT

IT IS FURTHER ORDERED that you must pay a $5,000.00 special assessment under the provisions of the Justice for Victims of Trafficking Act (JVTA) of 2015.

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

> Any balance due upon incarceration must be paid in minimum quarterly installments of $25.00 based on IFRP participation, or minimum monthly installments of $20.00 based on UNICOR earnings, during the period of incarceration, to commence 60 days after the date of this judgment. Any balance due upon commencement of supervision must be paid, during the term of supervision, in minimum monthly installments of $50.00, to commence 60 days after release from imprisonment. Payments must be made to the U.S. District Court Clerk, 110 Michigan, N.W., Grand Rapids, MI 49503. You must apply all monies received from income tax refunds, lottery winnings, judgments, and or any other anticipated or unexpected financial gains to any outstanding court-ordered financial obligations.

I have reviewed and understand the above conditions of my sentence.

Dated: December **16**, 2022

_____
Christopher James Masterson
Defendant

_____
Elizabeth A. LaCosse
Attorney for Defendant

IT IS SO ORDERED.

_____
JANET T. NEFF
United States District Judge

4